**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

CARLOS ABREU,

                    Plaintiff,

        -vs-

CORRECTION OFFICER BARRY
COUNTRYMAN, *et al.*,

                    Defendants.

DECISION & ORDER

11-CV-6251-CJS

---

CARLOS ABREU,

                    Plaintiff,

        -vs-

ERIC FARLEY, *et al.*,

                    Defendants.

12-CV-6032-CJS

---

**INTRODUCTION**

    **Siragusa, J.** These cases are before the Court on Defendants' motion in the 2012 case to consolidate pursuant to Federal Rule of Civil Procedure 42. Notice of Motion 12-CV-6032, Apr. 5, 2013, ECF No. 31. For the reasons stated below, the complaint and supplement in the 2012 action will be deemed a supplement to the amended complaint in the 2011 action.

**PROCEDURAL BACKGROUND**

On May 10, 2011, Plaintiff filed his complaint *pro se* against Eric Farley, *et al.*, naming approximately 132 defendants in a 340 page handwritten complaint.[1] As the Court was contemplating the issues of alternate service and assignment of *pro bono* counsel, Plaintiff filed a motion for injunctive relief, and the Court ordered the Clerk to serve three of the named defendants by certified mail in order to address the motion. No defendant has yet answered the original complaint, because the Court anticipated that *pro bono* counsel, who the Court, because of the size and complexity of the case, decided to appoint, would soon file an amended complaint after limited discovery with the cooperation of the New York Attorney General's Office.

On August 11, 2011, the Court appointed four counsel, Richard McGuirk, Esq., Wendell Harris, Esq., Andrew Zappia, Esq., and Michael Crosnicker, Esq., all from the LeClair Ryan firm, *pro bono*, to represent Plaintiff. On September 12, 2011, and September 19, 2011, Plaintiff's counsel appeared at hearings held on his motion for injunctive relief, which relief the Court denied by Decision and Order entered on September 20, 2011, ECF No. 18. Subsequently, Plaintiff's counsel undertook the task of streamlining the complaint and on April 1, 2013, filed an amended complaint, No. 11-CV-6251, ECF No. 35, which has not yet been served.

---

[1] The complaint includes several exhibits.

On January 17, 2012, Plaintiff filed another complaint, which he indicated was a supplement to his original complaint. In the supplement, Plaintiff alleged that Defendants were again engaging in retaliation against him, including assaults. Plaintiff's supplement named 36 defendants, only seven of whom were not named in the original 2011 complaint. In his motion to appoint counsel filed with the supplement, Jan. 17, 2012, No. 12-CV-6032 ECF No. 2, Plaintiff alleged that his *pro bono* counsel in the 2011 action refused to include his new allegations in that action. Rather, Plaintiff indicated that *pro bono* counsel in the 2011 action advised him to file a new complaint and that the Court would appoint him new *pro bono* counsel to represent him in that action. *See* Motion to Appoint Counsel 3–4, Jan. 17, 2012, No. 12-CV-6032 ECF No. 2; Complaint, *Abreu v. Countryman*, No. 12-CV-6032 ECF No. 1 (W.D.N.Y. Jan. 17, 2012). At this point, the Court considered Plaintiff's January 17, 2012, filing as a new action.

On March 5, 2012, Plaintiff filed a supplement to his now new action, 12-CV-6032, ECF No. 4, alleging that he had again been assaulted on January 17, 2012, by staff at Five Points Correctional Facility in retaliation for his 2011 complaints. Thereafter, in its Decision and Order issued on March 8, 2012, the Court observed that Plaintiff's newest complaint "appears to supplement his pending action in 11-CV-6251 CJS for which he was appointed counsel," and stated that it "will assess whether this case should be consolidated with the previous action upon answer of the complaint in this case by the defendants." Decision and Order at 2, No. 12-CV-6032 ECF No. 5. The Court can no longer wait for an answer before making a determination. The Court has directed on no less than three occasions that Defendants answer the 2012 complaint

*and its supplement*, and, to date, has not received any answer to the supplement.

The Court directed expedited service of the 2012 complaint and its supplement on all defendants due to the very serious nature of the allegations of abuse.[2] The complaint in the 2012 action was served on all[3] defendants as of May 31, 2012. No. 12-CV-6032, ECF No. 10.

For some reason, the New York State Attorney General's Office assigned a different counsel (Hillel David Deutsch, Esq.) to the 2012 action than counsel in the 2011 action (Gary Levine, Esq.). By correspondence dated March 14, 2012, defense counsel in the 2012 action, Mr. Deutsch, proposed that the two actions should be consolidated, which was opposed by *pro bono* counsel in a letter dated March 19, 2012. In a letter to all counsel dated March 30, 2012, the Court denied Mr. Deutsch's request on the basis that consolidation, at that time, would delay *pro bono* counsel's effort to move forward on the 2011 action, believing that the filing of an amended complaint was imminent. Further, at that time, the Court denied Mr. Deutsch's consolidation application because it believed that the allegations of sexual assault in the 2012 action required a more immediate response than would have been possible if consolidation were granted.

---

[2] The Court also forwarded the complaint to the United States Attorney for the Western District of New York, the Honorable William Hochul. Additionally, Plaintiff indicated that his complaints were being investigated by the New York State Inspector General. The Court is not aware of any action taken by either official.

[3] Nine of the parties named in Plaintiff's additional submission, which the Court deemed to be a supplement to the 2012 complaint, were inadvertently not added to the docket caption and have not yet been served. The Clerk has added the omitted names to the docket, but no summons have been issued. Of those nine parties, four are also named parties in the 2011 action: (1) Barry Countryman (the lead defendant in the 2012 case)**;** (2) Sgt. Remy Babineaux; (3) C.O. T. Carroll; and (4) C.O. Von Horn (spelled "Vanhorn" in the 2011 complaint).

Thereafter, the Court noticed that the supplement to the 2012 complaint was improperly scanned, such that only one side of each page was included in the docket. On September 4, 2012, the Court entered an Order directing the Clerk to re-scan and docket the supplement to the 2012 complaint, and serve it on Defendants, and ordered Defendants to answer the supplement. Text Order, No. 12-CV-6032, ECF No. 20. The Clerk served the supplement on Defendants on September 18, 2012. Because of the omissions from the caption of the nine defendants described above in footnote 3,[4] the only defendant common to the main complaint in the 2012 action as well as the supplement is Barry Countryman, who has failed to answer or otherwise respond to the allegations in the supplement. Consequently, Barry Countryman has defaulted with regard to the allegations in the supplement.

On November 26, 2012, the Court held a video conference noticed in both cases, which Plaintiff attended by video link. Mr. McGuirk, Mr. Deutsch, and a Spanish language interpreter appeared at the conference. However, Mr. Levine, counsel for Defendants in the 2011 case, did not appear. At the conference, the Court directed Mr. McGuirk, to file an amended complaint in the 2011 action by January 2, 2013.[5] The

---

[4] Defendants' memorandum of law, at 2, No. 12-CV-6032, ECF No. 15-1, refers to only the original thirty-five defendants. (Although thirty six defendants are named in the docket, one is named twice: Joseph Bellnier, once as Superintendent and once as Deputy Commissioner.) The memorandum of law does not include the nine additional defendants from the supplement: (1) C.O. M. Jenkins; (2) S. White; (3) C.O. G. Hinman; (4) C.O. Von Horn; (5) Sgt. Babineaux; (6) Sgt. Hoff; (7) T. Carroll; (8) C.O. T. Casper; and (9) C.O. B. Schmidt.

[5] Due to difficulties in communicating with their client and the need to obtain a Court

Court also gave Mr. Deutsch, counsel for the defendants in the 2012 case, an opportunity to file a formal motion to consolidate by January 16, 2013.[6]

On December 18, 2012, the Court received a communication from Plaintiff, which, on January 8, 2013, the Court directed be filed as a motion for injunctive relief. Motion, Jan. 8, 2013, No. 12-CV-6032, ECF No. 27. In his communication, Plaintiff maintained that he had been subjected to further physical and sexual abuse. The Court ordered both Mr. Levine and Mr. Deutsch, defense counsel in the 2011 and 2012 cases, respectively, to investigate Plaintiff's allegations and report to the Court and to *pro bono* counsel in the 2011 case the results of the investigation. In a letter to the Court dated February 1, 2013, Mr. Deutsch referred to Plaintiff's communication as a supplement and urged the Court to sever the supplement from the remainder of the complaint in the 2012 action. Illustrative of the confusion resulting from the maintenance of two separate actions, is the fact that Mr. Deutsch's letter refers to a document as a "supplement" which was neither filed as a supplement, nor deemed a supplement in either action pending in this Court. Moreover, the 2012 action *does* have a supplement, which, as the

---

order directing the New York State Department of Correctional and Community Services ("DOCCS") to allow a telephone conference between Plaintiff and counsel, as well as counsel's representation that Plaintiff was not permitted by DOCCS access his legal materials during the telephone conference, among other issues, the Court granted several extensions to this deadline.

[6] Mr. Deutsch filed a motion to consolidate on April 5, 2013, ECF No. 31, in 12-CV-6032, though the motion has not been docketed in the 2011 action, and counsel in the 2011 action, though in the same office, has not filed any declaration in support of, or against, Mr. Deutsch's motion. Plaintiff's counsel filed the amended complaint after being granted multiple extensions and defense counsel had to make his motion to consolidate with respect to the claims and defendants named in the amended complaint. However, Mr. Deutsch's motion was not accompanied by a Fed. R. Civ. P. 6 motion to extend the time after the deadline had expired.

Court pointed out, Defendants have not answered or moved against despite three Court orders, including the order of September 14, 2012, No. 12-CV-6032 ECF No. 20, referred to by Mr. Deutch in his letter. Further, *pro bono* counsel, defense counsel and Plaintiff *pro se*, are failing to file motion papers in *both* cases despite issues which are applicable to each. As one example, Mr. Deutsch's motion to consolidate was not filed in the 2011 case. Thus, the Court is left to resolve a motion filed in one action that affects another in which the motion was not filed, and therefore neither *pro bono* counsel, nor defense counsel in the 2011 action, received formal notice of the motion. Since the motion affects both actions, *pro bono* counsel responded for Plaintiff in the 2011 action, and Plaintiff *pro se* filed a separate response in the 2012 action, but the Court received no input from defense counsel in the 2011 action.

The current posture of the 2011 action is that the amended complaint, which was finally filed on April 1, 2013, No. 11-CV-6032, ECF No. 35, needs to be served on the defendants, now numbering 88 in the 2011 action, and 44 in the 2012 action, and the time for service needs to be further extended. The current posture of the 2012 action is that the nine additional defendants named in the supplement to the complaint need to be served and the Court must address the pending motions: (1) Defendants' motion to dismiss, Aug. 14, 2012, No. 12-CV-6032, ECF No. 15; (2) Plaintiff's motion for appointment of counsel, Oct. 1, 2012, ECF No. 21; and (3) Plaintiff's application for injunctive relief seeking protection from alleged further subsequent acts of retaliation, Jan. 8, 2013, ECF No. 27. The Court notes that as of June 13, 2013, Plaintiff has been moved to Green Haven Correctional Facility.

## STANDARDS OF LAW

Federal Rule of Civil Procedure 15 regarding supplemental complaints reads in pertinent part as follows:

> (d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). In *Quaratino v. Tiffany & Co.*, 71 F.3d 58 (2d Cir. 1995), the Second Circuit stated with respect to supplemental pleadings:

> Again, leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading. See *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989); *LaSalvia v. United Dairymen*, 804 F.2d 1113, 1119 (9th Cir. 1986), cert. denied, 482 U.S. 928 (1987). Leave is normally granted, especially when the opposing party is not prejudiced by the supplemental pleading. *See Bornholdt*, 869 F.2d at 68; *LaSalvia*, 804 F.2d at 1119.

*Id.* at 66.

Federal Rule of Civil Procedure 42 regarding consolidation provides as follows:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
>
>   **(1)** join for hearing or trial any or all matters at issue in the actions;
>
>   **(2)** consolidate the actions; or
>
>   **(3)** issue any other orders to avoid unnecessary cost or delay.
>
> **(b) Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more

separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42. In *Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990), the Second Circuit set out the criteria to be considered when consolidating cases. In that decision, the Court of Appeals wrote:

> The trial court has broad discretion to determine whether consolidation is appropriate. *See, e.g., Midwest Community Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491 (N.D. Ill. 1983); *Stemler v. Burke*, 344 F.2d 393 (6th Cir. 1965). In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation. *See, e.g., Romacho v. Stanley*, 567 F. Supp. 1417, 1419 n.2 (S.D.N.Y. 1983), *aff'd sub nom. Morse v. Stanley*, 732 F.2d 1139 (2d Cir. 1984). However, the discretion to consolidate is not unfettered. *Arnold v. Eastern Air Lines, Inc.*, 712 F.2d 899 (4th Cir. 1983) (*en banc*), *cert. denied*, 464 U.S. 1040, 79 L. Ed. 2d 168, 104 S. Ct. 703 (1984). Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial. *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463 (S.D.N.Y. 1977). When exercising its discretion, the court must consider:
>
>> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.
>
> *Hendrix*, 776 F.2d at 1495 (quoting *Arnold*, 681 F.2d at 193). When considering consolidation, a court should also note that the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff. *Id.*

*Johnson*, 899 F.2d at 1284–85.

**ANALYSIS**

The allegations of retaliation in the 2012 case clearly relate to a common set of facts alleged in the 2011 action, involve the same facility as the 2011 action (Five Points Correctional Facility) and involve most of the same defendants as in the 2011 action. Shortly after filing the new case, Mr. Abreu supplemented that action with allegations that some of the same defendants in the 2011 action had sexually assaulted and tortured him.

In retrospect, to effectively manage the totality of this complex matter, all of the allegations in the 2012 case, when first raised, should have been made part of the 2011 action. Appointed counsel in the 2011 case have not, to date, suggested that there are any Rule 11 concerns related to their pursuit of Mr. Abreu's claims, only practical and strategic ones. The Court has the obligation to see that all non-frivolous civil rights claims of an *in forma pauperis* qualified *pro se* prisoner plaintiff are effectively addressed.

Although the Court appreciates the burden imposed on *pro bono* counsel in taking on additional allegations, treating the two complaints as separate cases, either with one *pro se* and the other with representation, or both with *pro bono* representation, could result in inconsistent outcomes. It has already caused delay and confusion and resulted in the Court's failure to address allegations in both cases in a manner commensurate with their seriousness. Accordingly, while the Court is sympathetic to burden that would be imposed on *pro bono* counsel by regarding the two actions as one, it cannot let such sympathy and the delay and confusion that have been and would

continue to be engendered by allowing what is essentially one case to coexist as two, compromise the effective administration of justice.

While the Court agrees that the facts before it support consolidation, the Court believes they better support supplementation. Therefore, the Court deems the 2012 complaint and its supplement, No. 12-CV-6032, ECF Nos. 1 & 4, a supplement to the 2011 amended complaint, No. 11-CV-6251, ECF No. 35, which shall be referred to as the Second Amended Complaint. The resulting Second Amended Complaint has been screened pursuant to 28 U.S.C. § 1915(e).

## CONCLUSION

The Court directs that *Abreu v. Farley*, No. 12-CV-6032-CJS, be deemed a supplement to *Abreu v. Countryman*, No. 11-CV-6251-CJS, pursuant to Federal Rule of Civil Procedure 15(d). The operative pleadings will be the amended complaint in the 2011 action, No. 11-CV-6251 ECF No. 35, and the complaint and supplement from the 2012 action, No. 12-CV-6032 ECF Nos. 1 &4. The new pleading will be referred to as the Second Amended Complaint, subject to any motion to amend *pro bono* counsel may wish to bring.

Counsel are directed to discuss alternative service for the large number of defendants named and not yet served in the amended complaint in the 2011 action, as well as the additional nine parties added in the supplement to the 2012 complaint, whose names have been recently added to the docket. Failing any consensus on alternative service by October 15, 2013, the Court will direct service by the U.S. Marshal. Those defendants who have been served are hereby directed, pursuant to 42

U.S.C. § 1997g, to answer the Second Amended Complaint, by December 16, 2013.

Further, In view of the Court's decision *sua sponte* to deem the 2012 case a supplement, Defendants' motion in the 2012 action to consolidate, No. 12-CV-6032 ECF No. 31, is denied as moot, as are Plaintiff's motion for the appointment of counsel, No. 12-CV-6032 ECF No. 21, and Defendants' motion to dismiss, No. 12-CV-6032 ECF No. 15, without prejudice. The Court will not address Plaintiff's *pro se* motion for a preliminary injunction, ECF No. 27, until September 30, 2013, to allow *pro bono* counsel to decide whether to discontinue that motion, or substitute another in its place, or request permission to file a reply.

**ORDER**

IT HEREBY IS ORDERED, that case numbers 11-CV-6251-CJS and 12-CV-6032-CJS are merged into case number 11-CV-6251-CJS; and it is further

ORDERED, that all papers filed in case number 12-CV-6032 shall be papers in case number 11-CV-6251, and, henceforth, all papers shall be filed in case number 11-CV-6251; and it is further

ORDERED, that the complaint and supplement submitted in 12-CV-6032 ECF Nos. 1 & 4 are deemed a Supplemental Complaint in case number 11-CV-6251; and it is further

ORDERED, that the Clerk of the Court is directed to send a copy of the complaint in 12-CV-6032 to Plaintiff's attorneys of record in 11-CV-6251, Andrew Peter Zappia, Esq., Michael John Crosnicker, Esq., Richard A. McGuirk, Esq., and Wendell Wade Harris, Esq., LeClairRyan, 70 Linden Oaks, Suite 210, Rochester, NY 14625, and

Assistant Attorney General Gary Levine, New York State Attorney General's Office, Department of Law, 144 Exchange Boulevard, Rochester, NY, 14614, together with a copy of this order; and it is further

ORDERED, that the Clerk of the Court is directed to close case number 12-CV-6032-CJS.

IT IS SO ORDERED.

Dated: September 16, 2013
       Rochester, New York

                ENTER:

                      /s/ Charles J. Siragusa
                      CHARLES J. SIRAGUSA
                      United States District Judge